IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KING & SPALDING, LLP**<br>1700 Pennsylvania Avenue, NW<br>Suite 200<br>Washington, D.C. 20006,<br><br>                Plaintiff,<br><br>  vs.<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**<br>200 Independence Avenue, SW<br>Washington, D.C. 20201,<br><br>and<br><br>**U.S. DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br><br>                Defendants. | Civil Action No. 1:16-cv-1616 |

## COMPLAINT

Plaintiff King & Spalding, LLP brings this action for declaratory, injunctive, and other appropriate relief against Defendants the U.S. Department of Health and Human Services and the U.S. Department of Justice. As grounds therefor, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff King & Spalding, LLP ("Plaintiff") is a law firm with its principal place of business in Atlanta, Georgia, and offices worldwide, including in the District of Columbia. Plaintiff must, from time to time, seek out information held by agencies of the U.S. Government in the form of public records.

2. Defendant U.S. Department of Health and Human Services ("HHS") is an agency of the U.S. Government within the meaning of 5 U.S.C. §§ 552(f) and 701, and is headquartered

in Washington, D.C. HHS has possession, custody, and control of certain public records that Plaintiff has sought to access under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. FOIA makes HHS responsible for fulfilling Plaintiff's request.

3. Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government within the meaning of 5 U.S.C. §§ 552(f) and 701, and is headquartered in Washington, D.C. DOJ has possession, custody, and control of certain public records that Plaintiff has sought to access under FOIA. FOIA makes DOJ responsible for fulfilling Plaintiff's request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. This Court is the proper venue for this action under 28 U.S.C. § 1391(e).

## FACTUAL ALLEGATIONS

6. On January 21, 2009, President Obama notified the heads of all executive departments and agencies that they should administer the disclosure of public records under FOIA with the following "clear presumption: In the face of doubt, openness prevails." Memorandum from President Barack Obama to the Heads of Executive Departments and Agencies 1 (January 21, 2009), available at https://www.whitehouse.gov/the_press_office/FreedomofInformationAct. The President specifically called on agencies to "act promptly and in the spirit of cooperation" when responding to such requests. *Id.*

7. On March 19, 2009, Attorney General Eric Holder notified the same leading executive branch personnel that the DOJ would "defend a denial of a FOIA request only if (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the

statutory exemptions, or (2) disclosure is prohibited by law." Memorandum from Attorney General Eric Holder to the Heads of Executive Departments and Agencies 2 (March 19, 2009), https://www.justice.gov/sites/default/files/ag/legacy/2009/06/24/foia-memo-march2009.pdf.

8. On June 30, 2016, the FOIA Improvement Act of 2016 became Public Law 114-185. That Act codified, *inter alia*, the Obama Administration's own preference that federal agencies "withhold information . . . only if—(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. §552(b)]; or (II) disclosure is prohibited by law." FOIA Improvement Act of 2016, S. 337, 114th Cong. § 2 (2016), https://www.congress.gov/114/bills/s337/BILLS-114s337enr.pdf.

9. On April 14, 2016, pursuant to rights granted by Congress in FOIA, Plaintiff submitted a request for copies of public records to Defendants HHS and DOJ.

10. The FOIA Request asked HHS to produce copies of documents fitting any of three separate categories of documents:

- All documents between January 1, 2012 and October 31, 2012, provided to any agency of the Federal Government from any individual, corporation, partnership, or other private party other than Abiomed, Inc. ("Abiomed") that concern, discuss, or refer to Abiomed.

- All documents between January 1, 2012 and October 31, 2012, provided by the Department of Health and Human Services ("HHS"), including (i) the HHS Office of Inspector General, (ii) the Food & Drug Administration ("FDA"), or (iii) any HHS or FDA employee affiliated with the HEAT Task Force or DOJ-HHS Medicare Fraud Strike Force, to the U.S. Attorney's Office for the District of Columbia, the Civil Division of the Department of Justice, or any other component or office within the U.S. Department of Justice, that were initially obtained or received from any individual, corporation, partnership, or other private party that concern, discuss, or refer to Abiomed.

- All documents between January 1, 2012 and October 31, 2012, provided to any agency of the Federal Government from any individual, corporation, partnership, or other private party, other than Abiomed, related in whole or in part to the issuance of a Health Insurance Portability and Accountability Act subpoena issued by the U.S. Attorney's Office for the District of Columbia to Abiomed.

11. The FOIA Request asked DOJ, which Plaintiff directed to two DOJ subcomponents—the Civil Division and the Executive Office for United States Attorneys—to produce copies of documents fitting any of three similar categories of documents:

- All documents between January 1, 2012 and October 31, 2012, provided to any agency of the Federal Government from any individual, corporation, partnership, or other private party other than Abiomed, Inc. ("Abiomed") that concern, discuss, or refer to Abiomed.

- All documents between January 1, 2012 and October 31, 2012, provided to the Civil Division of the U.S. Department of Justice by any other agency of the Federal Government or other component or office within the U.S. Department of Justice that were initially obtained or received from any individual, corporation, partnership, or other private party that concern, discuss, or refer to Abiomed.

- All documents between January 1, 2012 and October 31, 2012, provided to any agency of the Federal Government from any individual, corporation, partnership, or other private party, other than Abiomed, related in whole or in part to the issuance of a Health Insurance Portability and Accountability Act subpoena issued by the U.S. Attorney's Office for the District of Columbia to Abiomed.

12. On April 18, 2016, Defendant HHS responded to Plaintiff's request for public records. In its response letter, HHS acknowledged receipt of Plaintiff's request. HHS also refused to produce any documents. HHS attempted to justify this refusal by claiming that all responsive records within its possession, custody, and control were exempt from disclosure under 5 U.S.C. § 552(b)(7)(A) because they pertained to an ongoing law enforcement investigation. The response letter further stated that records relating to an alleged Health Insurance Portability and Accountability Act ("HIPAA") violation would be made available under FOIA at the conclusion of the investigation, at which time Plaintiff could submit a new request for such documents.

13. On May 18, 2016, Plaintiff made an appropriate and timely administrative appeal of HHS's refusal to provide records. Plaintiff's appeal rested on the ground that the HIPAA investigation referred to by HHS had indeed been closed for some time. As shown by a Form 8-K filed with the Securities & Exchange Commission ("SEC"), the DOJ had closed that

4

investigation no later than June 29, 2015, a full nine and a half months before Plaintiff's initial request for public records. Moreover, the DOJ had closed the investigation without taking enforcement action. As such, that investigation could no longer serve as the basis for an exemption under 5 U.S.C. § 552(b)(7)(A). Even assuming a separate open investigation exists on a separate topic, HHS improperly refused to produce documents related to a closed investigation.

14. On May 19, 2016, Defendant HHS acknowledged receipt of Plaintiff's administrative appeal.

15. To date, Defendant HHS has not notified Plaintiff of any further action with respect to the administrative appeal.

16. In addition, HHS' April 18 response stated that it had also referred Plaintiff's FOIA request to the HHS Office of Inspector General (OIG), the Food and Drug Administration (FDA), and the Centers for Medicare and Medicaid Services (CMS).

17. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), OIG and CMS were required to determine whether to comply with the request within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

18. FDA provided records and Plaintiff does not challenge their response to this referral. OIG and CMS have never responded to the referral of Plaintiff's request.

19. Plaintiff has now exhausted all available administrative remedies with respect to this request to HHS and the referral to OIG and CMS.

### *DOJ Fails To Adequately Respond To Plaintiff's Request For Public Records.*

20. On April 26, 2016, the Executive Office for United States Attorneys (EOUSA) acknowledged receipt of Plaintiff's April 14 request and assigned it Tracking Number FOIA-

2016-02264. Defendant failed to indicate whether or not it would produce the requested documents, or what exemptions it would claim for any documents it intended to withhold. Instead, EOUSA's letter advised Plaintiff that the request had been designated complex and asked Plaintiff to confirm that Plaintiff would pay search fees related to the request.

21. Plaintiff timely responded and agreed to pay search fees but has received no further response to its Request.

22. On June 17, 2016, the Civil Division responded to Plaintiff's April 14 request for documents. This response came 44 full business days after Plaintiff's April 14 request. In its response letter, Defendant DOJ stated that it had located 49 pages of responsive documents and referred them to the Executive Office for United States Attorneys ("EOUSA") for direct response. Defendant DOJ did not indicate the availability of any FOIA exemptions in its response letter.

23. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOJ was required to determine whether to comply with the request within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

24. To date, Defendant DOJ has not notified Plaintiff of any further action with respect to the April 14 request for documents.

## COUNT I

**Defendants Have Wrongfully Withheld Non-Exempt Public Records In Violation Of FOIA, 5 U.S.C. § 552.**

25. Plaintiff incorporates and re-alleges Paragraphs 1–24 as if fully set forth herein.

26. Plaintiff submitted to Defendants requests for public records that reasonably described the records sought and fully conformed to Defendants' published FOIA regulations.

27. Defendants have withheld, and continue to withhold, non-exempt documents responsive to Plaintiff's FOIA requests.

28. Therefore, Defendants have unlawfully withheld, and continue to unlawfully withhold, public records in violation of 5 U.S.C. § 552.

29. Such conduct has worked irreparable harm against Plaintiff by depriving Plaintiff of its right to public records under the law. Defendants' conduct will continue to work such harm until Defendants are compelled to obey the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order each Defendant to conduct an adequate search for any and all records responsive to Plaintiff's FOIA requests and demonstrate the use of search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests.

B. Order each Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption.

C. Enjoin each Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests.

D. Award Plaintiff its costs and reasonable attorneys' fees in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

E. Award such other and further relief that the Court deems equitable and just.

Dated: August 9, 2016                    Respectfully submitted,

                                               */s/ John C. Richter*
                                               John C. Richter (D.C. Bar No. 1014001)
                                               Alexander K. Haas (D.C. Bar No. 1007081)
                                               KING & SPALDING LLP
                                               1700 Pennsylvania Avenue, NW
                                               Suite 200
                                               Washington, D.C. 20006
                                               (202) 626-5617
                                               *Attorneys for Plaintiff King & Spalding, LLP*

27. Defendants have withheld, and continue to withhold, non-exempt documents responsive to Plaintiff's FOIA requests.

28. Therefore, Defendants have unlawfully withheld, and continue to unlawfully withhold, public records in violation of 5 U.S.C. § 552.

29. Such conduct has worked irreparable harm against Plaintiff by depriving Plaintiff of its right to public records under the law. Defendants' conduct will continue to work such harm until Defendants are compelled to obey the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order each Defendant to conduct an adequate search for any and all records responsive to Plaintiff's FOIA requests and demonstrate the use of search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests.

B. Order each Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption.

C. Enjoin each Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests.

D. Award Plaintiff its costs and reasonable attorneys' fees in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

E. Award such other and further relief that the Court deems equitable and just.

Dated: August 9, 2016

Respectfully submitted,

*/s/ John C. Richter*
John C. Richter (D.C. Bar No. 1014001)
Alexander K. Haas (D.C. Bar No. 1007081)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
(202) 626-5617
*Attorneys for Plaintiff King & Spalding, LLP*