# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KING & SPALDING, LLP, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-cv-01616 (APM) |
| UNITED STATES DEPARMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the parties' cross-motions for summary judgment in this action brought under the Freedom of Information Act ("FOIA"). *See* Defs.' Mot. for Summ. J., ECF No. 20 [hereinafter Defs.' Mot.]; Pl.'s Cross-Mot. for Summ. J., ECF No. 21 [hereinafter Pl.'s Cross-Mot.]. The court has reviewed the parties' briefs and accompanying materials and finds that this matter cannot be resolved on the present record. As discussed further below, Defendants' reliance on FOIA Exemptions 7(C) and 7(D), *see* 5 U.S.C. § 552(b)(7)(C), (D), to withhold certain law enforcement records raises a threshold question: Whether the source of those records is an entity or an individual. Because Defendants' affiants do not answer that question, the court cannot assess whether the Government's withholdings are appropriate at this time. As a result, the court denies the parties' Motions without prejudice and will allow Defendants to submit additional information concerning the identity of the confidential source.

Plaintiff King & Spalding LLP ("Plaintiff") filed three separate FOIA requests with Defendants U.S. Department of Health and Human Services and U.S. Department of Justice ("Defendants") for documents concerning Plaintiff's client, Abiomed, Inc., that Defendants

received from an anonymous source between January 1, 2012, and October 31, 2012. *See* Defs.' Mot. at 3–8 [hereinafter Defs.' Stmt. of Material Facts], ¶¶ 2, 10, 14; Pl.'s Cross-Mot. at 3–8 [hereinafter Pl.'s Stmt. of Material Facts], ¶¶ 2, 10, 14.[1] Plaintiff suspects that Defendants' receipt of that information led to a federal criminal investigation into whether Abiomed was engaged in off-labeling marketing practices, i.e., promoting drugs for uses outside of those approved by the U.S. Food and Drug Administration. *See* Pl.'s Cross-Mot. at 11–46 [hereinafter Pl.'s Mem.], at 17. Plaintiff believes one of Abiomed's competitors in the pharmaceutical industry, Maquet, may be the Government's anonymous source. *Id.* at 32–33.

In response to Plaintiff's FOIA requests, Defendants produced some documents, but withheld others. *See* Defs.' Stmt. of Material Facts ¶¶ 6, 11, 15–16; Pl.'s Stmt. of Material Facts ¶¶ 6, 11, 15–16. Specifically, Defendants withheld, in full, 67 pages containing responsive information that generally falls into two categories: (1) "the names of government personnel, the name of an attorney representing [the] unnamed source and the names of third parties who appear[] in the documents [provided by the unnamed source]" under Exemption 7(C), and (2) certain material that could reveal the identity of the Government's unnamed source under Exemption 7(D). *See* Defs.' Reply in Supp. of Defs.' Mot, ECF No. 25 [hereinafter Defs.' Reply], at 13, 17–19; Defs.' Stmt. of Material Facts ¶¶ 15–16; Pl.'s Stmt. of Material Facts ¶¶ 15–16; Defs.' Mot. at 9–28 [hereinafter Defs.' Mem.], at 22–27; Pl.'s Mem. at 17. The parties dispute whether FOIA Exemptions 7(C) and 7(D) can be properly used to withhold—either in full or in part—those two categories of materials.[2] *See* Defs.' Mem. at 23–27; Pl.'s Mem. at 24–38.

---

[1] Pin cites to the parties' briefs and accompanying materials correspond to the page number generated by ECF.

[2] The Government also invokes Exemption 6 to justify its withholdings but, in light of the fact that "'Exemption 7(C) is more protective of privacy than Exemption 6' and thus establishes a lower bar for withholding material," the court need only consider here Defendants' reliance on Exemption 7(C). *See Am. Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011) (quoting *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 496 n.6 (1994)).

The court cannot, however, resolve that dispute on the present record. Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). To determine whether the release of information would constitute an "unwarranted invasion of privacy," the court must balance "the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Exemption 7(D), by contrast, protects from disclosure "records or information compiled for law enforcement purposes . . . [that] could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of [records] or information compiled by a criminal law enforcement authority . . . information furnished by [the] source." 5 U.S.C. § 552(b)(7)(D). "Unlike Exemption 7(C), Exemption 7(D) does not require balancing," but does require the Government to "present probative evidence that the source" provided information to the Government under either an express or implied assurance that its identity would remain confidential. *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1101 (D.C. Cir. 2014) (internal quotation marks omitted).

In this case, the applicability of both exemptions may turn on whether the source that supplied the Government with information about Abiomed is an entity or an individual. Plaintiff has produced some evidence suggesting that the source may have been persons acting on behalf of one of Abiomed's rival companies, Maquet. *See* Pl.'s Reply in Supp. of Pl.'s Cross-Mot., ECF No. 27, Ex. A, ECF No. 27-1 (Affidavit of Associate General Counsel of Abiomed), ¶ 3 (attesting that he met with a former Maquet executive who admitted to participating in a plan "to submit complaints against Abiomed to the Department of Justice in the hopes of sparking a

government investigation"). If Plaintiff is correct that the source is an entity, then the materials the entity supplied cannot be withheld under Exemption 7(C) based solely on the company's interest in nondisclosure. The Supreme Court has clearly held that the protection of "personal privacy" under Exemption 7(C) "does not extend to corporations." *FCC v. AT&T*, 562 U.S. 397, 409–10 (2011). The identity of the source also impacts the Exemption 7(D) calculus. The Supreme Court has stated that, in evaluating whether an anonymous source provided information under an implied assurance of confidentiality, courts should take into account whether that source is an "individual" or an "institution." *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 176 (1993). Indeed, in *Landano*, the Court suggested that an implied assurance of confidentiality may be more difficult to establish in cases where a "private institution[,]" as opposed to an individual, cooperates in a criminal investigation. *See id*. Thus, absent more information about whether the Government's anonymous source is an entity or an individual, the court cannot evaluate the propriety of nondisclosure under Exemption 7(C) or Exemption 7(D).

To be clear, the court does not mean to suggest that, if an entity is the source, no record or portion of a record may be withheld. For instance, the Government still may seek to redact, under Exemption 7(C), "the names of government personnel, the name of an attorney representing [the] unnamed source and the names of third parties who appear[] in the documents [provided by the unnamed source]." Defs.' Reply at 8. Such withholdings, however, will raise both factual and legal questions that the parties must address. *See Stern v. FBI*, 737 F.2d 84, 91–94 (D.C. Cir. 1984); *see also Beck v. U.S. Dep't of Justice*, 997 F.2d 1489, 1493–94 (D.C. Cir. 1993). For example, if the source is an entity, does the outside lawyer acting on behalf of the source possess a personal privacy interest against disclosure of his or her identity, or does the lawyer lack a privacy interest because he or she is in fact acting on behalf of an entity that itself has no such interest?

4

That same question pertains to an executive or employee who may be acting on behalf of the entity in providing information to the Government. By contrast, the identity of the source would likely have no impact on the privacy interests of Government personnel involved in the investigation of Abiomed or third-party individuals whose names happen to appear in the responsive records. *See Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 666 (D.C. Cir. 2003). As to those persons, the standard public-private interest balancing required under Exemption 7(C) would apply. The parties should consider these distinctions in their next round of briefing.

Accordingly, for the foregoing reasons, the court denies both parties' Motions for Summary Judgment without prejudice. No later than September 22, 2017, the parties shall file a Joint Status Report that addresses (1) the Government's knowledge of the source's identity as an entity or individual, and (2) whether the parties intend to renew their cross-motions for summary judgment and, if so, on what issues. The court will set a schedule for supplemental briefing, if needed, upon receipt of the Joint Status Report.

Dated: September 6, 2017

Amit P. Mehta
United States District Judge