**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **KING & SPALDING LLP** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 16-cv-01616 (APM)** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HEALTH AND HUMAN SERVICES, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR RECONSIDERATION OF THE**
**SEALING ORDER**

Justice does not require this Court to reverse its own sealing order.   Neither the Defendants nor the public has any discernable interest in forcing King & Spalding LLP to file proprietary case-staffing and billing information out in the open.    Instead, the Defendants' motion for reconsideration is just another example of why this court should award fees here: to tamp down on the Defendants' strategy of unnecessarily running up the bill on FOIA litigants.

**BACKGROUND**

The Defendants' most recent filing continues a well-established pattern of unnecessary and wasteful delay.   After nearly four years of King & Spalding's persistence, Defendants finally released—under this Court's order—all the public records King & Spalding requested and was always entitled to under the Freedom of Information Act with only minor redactions. *See* ECF No. 72 at 1–4.   For reasons already explained, the firm's success and the Defendants' obdurate resistance to these lawful requests justify an award of reasonable attorneys' fees. *See id.* at 4–11.   And in support of its request for that award, King & Spalding has offered the

Defendants and the Court a detailed account of its investment in this litigation, including individual billing entries.   That account includes who worked on this matter and when, what tasks the attorneys performed, and the hourly rates King & Spalding charges for each attorney's time. *See* ECF No. 73 Exs. A–B.

Because the public disclosure of such information would give the firm's competitors a leg-up in vying for future representations, King & Spalding asked the Court to limit access to the billing documents.   *See* ECF No. 73.   To be sure, the firm has never resisted making a full disclosure to the Court, and it has likewise limited its sealing request to explicitly allow Defendants full access to the billing documents.   *See* ECF No. 73-1 at 1.   In addition, King & Spalding has made public the amount if its total demand, which ensures sufficient transparency for these proceedings.   Nevertheless, when asked via email how it would respond to the firm's fees motion and sealing motion, Defendants stated they would oppose both.   ECF No. 74-3 at 1.   King & Spalding relayed the Defendants' opposition in the sealing motion papers, *see* ECF No. 73-1 at 2, and this Court nonetheless granted the motion to seal.   Defendants now file their opposition in the form of a reconsideration motion.   *See* ECF No. 74.   The Court should reject it.[1]

## ARGUMENT

The Court was right to allow King & Spalding to file its detailed and sensitive billing records under seal.   This Court should not grant the Defendants' reconsideration motion because they have not established that "justice … *requires*" that outcome.   *Cobell v. Norton*, 224 F.R.D. 266, 272–73 (D.D.C. 2004) (emphasis added).   The reasons for granting King & Spalding's

---

[1] In addition to attacking the Court's initial sealing determination, Defendants' reconsideration motion also criticizes King & Spalding's representation of Defendants' intent to oppose the sealing motion.   *See* ECF 74 at 7.   That issue has no bearing on the propriety of sealing.   Even so, King & Spalding made a good-faith effort to understand and relay Defendants' position, and the Court can now evaluate the parties' correspondence at it sees fit.

motion still hold, and Defendants have not refuted them.   This Court should thus deny the Defendants' motion.

## I.    The Sealing Order Was Proper and Within the Court's Sound Discretion.

In exercising its broad discretion to limit public access to these proceedings, the Court necessarily considered:

> (1) the need for public access to the judicial proceeding; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to the disclosure and the identity of that party; (4) the strength of the property and privacy interests; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*Pub. Citizen Health Research Grp. v. FDA*, 953 F. Supp. 400, 405 (D.D.C. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), *supp. op. filed* (Feb. 9, 1981)).   For reasons King & Spalding has already explained, *see* ECF No. 73-1 at 2–3, those factors favored and still favor the Court's sealing order in this case.   The Court recognized that the balance of relevant factors—including the public's limited interest in this information and King & Spalding's strong interest in keeping it private—warrant a limited protective seal.

That determination is as true now as it was just weeks ago when the Court granted the motion to seal.   The public still has meaningful access to these proceedings, including full view of the total cost of this litigation to King & Spalding and full view of the public docket showing the Defendants' continual delay tactics—including now this reconsideration motion—that ran and continue to run up the tab on and unnecessarily prolong the litigation.   No one should be surprised, after looking at the Defendants' tactics, that the bill continues to climb.   Contrary to the Defendants' suggestion, this publicly available information is sufficient to ensure a transparent vetting of the firm's request for fees as the prevailing party in this case.   *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018)

(disclosure of aggregate billing data is sufficient to satisfy the public's limited interest in the records at issue).   By contrast, further disclosure of King & Spalding's billing rates, staffing strategies, and detailed billing entries would harm the firm without providing any discernable benefit to the public.   And although Defendants oppose sealing because it may be inconvenient to redact sensitive information from their future briefing, they cannot credibly argue that they would suffer any prejudice from the Court's protective seal.   Indeed, the Defendants have full access to all sealed material and may challenge King & Spalding's fee request consistent with the sealing order.   In fact, the detailed billing records provided are much more detailed than records usually filed publicly, giving the Defendants more information than they would have with a public filing. In light of these facts, the Court's order was sound.   It should be reaffirmed.

## II. Defendants' Arguments for Unsealing, Based on Out-of-Circuit and Unpublished District Court Cases, Do Not Disturb the Court's Order Which Properly Balances the Interests of All Parties.

Defendants' request for reconsideration fails to establish why justice requires unsealing. Many courts across the country have sealed detailed billing records like those at issue here. Rather than engaging the relevant sealing considerations, Defendants urge this Court to reverse course because other courts sometimes decline to seal billing information and because King & Spalding has publicly disclosed other billing rates of other attorneys in an unrelated bankruptcy proceeding, *see* ECF No. 74 at 1–2, which was governed by a statutory requirement to disclose fees that does not apply here.   Neither argument comes close to justifying reversal of the Court's sealing order in this case.

*First*, the lack of published, binding precedent should be telling, as is the resort to out-of-circuit and unpublished district court decisions by Defendants.   Such citations are hardly a compelling case for reconsideration.   The reason for this lack of precedent is simple: The decision regarding whether to seal is a decision that is left to the sound discretion of the individual district

court judge.   Nor does justice require this Court to reconsider its decision because courts across the country often have *granted* motions to seal billing records, especially if the records are detailed and where opposing counsel is given access to the records.   In one such case, the court found public disclosure of aggregate billing data sufficient to satisfy the public's limited interest in the records at issue.   *See In re Anthem*, 2018 WL 3067783, at *2.   In *Anthem*, the court noted that "they have not asked to seal the amounts aggregated across all contract attorneys, staff attorneys, and the contract paralegal.   Accordingly, the Court finds that Plaintiffs have narrowly tailored their request."   *Id.* at *2 (citation omitted).   The same logic applies here and supports the court's decision to grant the motion to seal.

Another court recognized that such billing records are competitively sensitive and accordingly granted a motion to seal.   *Mine O'Mine, Inc. v. Calmese*, No. 2:10-cv-00043-KJD-PAL, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012).   In *Mine O'Mine*, the plaintiff filed "*detailed* billing records which contain negotiated billing rates."   *Id.* (emphasis added).   The court found that such material should be sealed after weighing its sensitivity against the "strong presumption in favor of public access."   *Id.*   Other courts agree that *detailed* billing records are not appropriate for public release and have granted sealing motions.   *In re Maxwell Techs., Inc., Derivative Litig.*, No. 13CV966 BEN (RBB), 2015 WL 12791166, at *7 (S.D. Cal. July 13, 2015).   In *Maxwell*, the court granting the motion to seal "the very detailed billing records of counsel and their activities."   *Id.*   The court noted that daily billing records, like the ones here, were likely to contain confidential material.[2]   *Id.*   This Court's order to seal was sound.

---

[2] While *Maxwell* also had to do with questions of privilege, the court noted that confidentiality *and* privilege concerns animated its decision.   King & Spalding's detailed, daily billing records are confidential and should not be made public.

Finally, King & Spalding narrowly tailored its request by allowing Defendants full access to the record also supports maintaining the seal.   *See Selee Corp. v. McDanel Advanced Ceramic Techs.*, LLC, No. 1:15-CV-00129-MR, 2016 WL 9686076, at *2 (W.D.N.C. Dec. 15, 2016).   In *Selee*, the plaintiff advocated for *in camera* review of its billing records.   *Id.*   The court granting the motion to seal as to the public but denied the motion to seal as to the request for *in camera* review noting that the opposing party should have access to the records as a matter of fairness. *Id.* at *1–2.   King & Spalding followed that pattern here and narrowly tailored its request by giving access to the records to Defendants.   This makes good sense: The Defendants have access to the records, the public has access to the aggregate amount of the request as well as the docket to judge the adequacy of the demand versus the lengthy litigation involved, and King & Spalding's interests are also protected.   The Court justly balanced all of these considerations because a law firm's rate-setting and staffing decisions are susceptible to exploitation by competitors and opponents alike, especially when the billing entries are detailed.

All Defendants muster in seeking reconsideration is that courts come out different ways depending on the facts, particularly depending on how detailed the billing entries appear to be. What is clear from the binding case law, however, is that sealing records is a matter of judicial discretion driven by balancing the need for the information with the need to protect sensitive information.   *See United States v. El-Sayegh*, 131 F.3d 158, 160 (D.C. Cir. 1997) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).   In this case, the Court's sealing order has correctly assessed the balance.   Defendants' invocation of the authority from other courts with other fact patterns thus fails to show that justice requires the release of detailed billing entries that need, as many courts recognized, to be protected.

6

*Second*, the fact that different King & Spalding attorneys disclosed their rates in a completely unrelated bankruptcy case in the United States Bankruptcy Court for the Southern District of New York says nothing about what "justice requires" here.   This is especially so because, unlike here, King & Spalding was *required* by the bankruptcy statute to make those filings.   Bankruptcy law is its own animal and suggesting that a specialized bankruptcy law rather than common law precedent should apply here is incorrect.   The bankruptcy rules have displaced the common law rules that govern sealing in this case.   *See In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 430 (9th Cir. 2011), *amended* (Nov. 7, 2011).   Unlike the common law governing this case, the Bankruptcy Code requires a debtor's attorneys to disclose billing information and is silent about sealing such records, because their fees encumber the bankrupt estate and the creditors have a right to know that information.   *See* 11 U.S.C. § 329; *In re Kisseberth*, 273 F.3d 714, 721 (6th Cir. 2001) ("The provisions of the Bankruptcy Code and the Bankruptcy Rules that regulate attorney fees are designed to protect both creditors and the debtor against overreaching attorneys." (citing *In re Walters*, 868 F.2d 665, 668 (4th Cir. 1989))).   In the rare case where a party did seek to seal information included in such a disclosure, the motion was denied.   *In re Charity*, No. 16-31974-KLP, 2017 WL 3580173, at *1 (Bankr. E.D. Va. Aug. 15, 2017).   It is not surprising, then, that a specific statutory regime will cause a different practice in bankruptcy cases than in the many cases cited above where billing records have been sealed in civil cases.   Accordingly, Defendants' reliance on an unrelated filing by other King & Spalding attorneys in a bankruptcy case is misdirection and does not support reconsideration of this Court's order.

*Finally*, Defendants' fallback request for a partial unsealing of the billing records must also fail.   *See* ECF No. 74 at 2.   As several other courts have found, detailed, daily billing entries

should not be filed publicly because this information is sensitive, and it causes confidentiality concerns. *Mine O'Mine, Inc.*, 2012 WL 1279827, at *4; *Maxwell Techs.*, No. 2015 WL 12791166, at *7.   Indeed, staffing and case management choices carry at least the same commercial sensitivity as the rate the firm has charged for a given attorney's time on a given matter.   It is the rates *in combination with* these strategic determinations contained in detailed billing entries that fix the cost and value of the legal services provided.   Given that this is the totality of the "product" that a law firm like King & Spalding sells, its forced public disclosure would necessarily harm the firm's ability to compete for and negotiate future representations. Defendants' mere disagreement on this point, based on its own say-so, does not meet the standard for reversal of a sealing order.[3]

## CONCLUSION

For the foregoing reasons, the Court should reject Defendants' motion for reconsideration.

Dated: February 26, 2020

Respectfully submitted,

*/s/ John C. Richter*
John C. Richter, D.C. Bar No. 1014001
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006
Telephone: (202) 626-5617
*Counsel for Plaintiff*

---

[3] If the court withdraws its order to seal, King & Spalding should be given the opportunity to withdraw its previous detailed filing and to refile less detailed records.   King & Spalding would also ask for the Court to order Defendants to destroy the service and courtesy copies of the sealed exhibits in the Defendants' possession if the order to seal is withdrawn.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

*/s/ John C. Richter*

John C. Richter, D.C. Bar No. 1014001
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006
Telephone: (202) 626-5617
*Counsel for Plaintiff*
