# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KING & SPALDING, LLP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1:16-cv-01616 (APM) |
| UNITED STATES DEPARMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

### I.

Before the court is a Motion for Reconsideration of the court's February 10, 2020 Minute Order granting Plaintiff King & Spalding's Motion for Leave to File Documents Under Seal. *See* Mot. for Reconsideration, ECF No. 74 [hereinafter Mot. for Reconsideration]. On February 3, 2020, Plaintiff filed a Sealed Motion for Leave to File Documents Under Seal ("Sealed Motion"), which asked to keep off the public docket certain documents submitted in support of its Motion for Attorneys' Fees and Expenses. *See* Pl.'s Mot. for Leave to File Documents Under Seal, ECF No. 73, Mem. of P & A in Supp., ECF No. 73-1 [hereinafter Mot. to File Under Seal]. Thinking—mistakenly, as it turned out—that the Sealed Motion was unopposed, the court granted the Motion in a minute order before Defendants filed a response. *See* February 10, 2020 Minute Order. Defendants now ask the court to reconsider its ruling. *See* Mot. for Reconsideration. Because the court erred in assuming Defendants' non-opposition, the court will reconsider its

sealing order and evaluate the merits of Plaintiff's Sealed Motion de novo, as if it the court had not ruled on it previously.

II.

As a preliminary matter, the court grants Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendants' Motion for Reconsideration, ECF No. 78. "The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the Court." *Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014). "If the movant raises arguments for the first time in his reply to the non-movant's opposition, the Court may either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Id.* (citing *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003); *Natural Res. Def. Council, Inc. v. EPA*, 25 F.3d 1063, 1071–72 n.4 (D.C. Cir. 1994)). The court finds that Defendants raised sufficiently new arguments in their reply brief for Plaintiff's short surreply to be appropriate. *See* Pl.'s Mot. for Leave to File a Surreply in Opp'n to Defs.' Mot. for Reconsideration, ECF No. 78. Therefore, the court has considered Plaintiff's Surreply when making its decision on Defendants' Motion for Reconsideration. *See* Pl.'s Surreply in Opp'n to Defs.' Mot. for Reconsideration, ECF No. 78–1.

III.

Plaintiff asks to file two documents under seal: (1) the Declaration of King & Spalding attorney John C. Richter in support of Plaintiff's Motion for Attorneys' Fees and Expenses, which offers the background and billing rates of current and former King & Spalding "team members" who worked on this matter, Mot. to File Under Seal, Ex. A, ECF Nos. 73-3; and (2) a report detailing the tasks performed by King & Spalding attorneys, the hours spent on each task, and the requested attorneys' fees for each task, *id.* Ex. B, ECF No. 73-4. In its original motion, Plaintiff

argued that sealing the firm's billing records will not hinder public access to the proceedings; the information has not been disclosed to the public; the "public distribution of . . . billing rates and other details will harm the firm's standing with respect to its competitors"; neither party will be prejudiced from sealing the exhibits; and Plaintiff "seeks to introduce the documents for the sole purpose of showing that it has requested a reasonable award of fees and costs in light of the value of attorney time and other costs expended." Mot. to File Under Seal at 2–3.

In their Motion for Reconsideration, Defendants counter that potential competitive harm is not a "sound legal basis" for sealing the exhibits and that King & Spalding has publicly filed billing rates in other cases, which undermines any assertion of competitive harm. Mot. for Reconsideration at 1–2. Defendants thus ask the court to vacate its minute order sealing the documents. *Id.* at 2.

IV.

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Housing Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat. Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). "That presumption may be outweighed in certain cases," however. *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). In *United States v. Hubbard*, the D.C. Circuit outlined six factors that courts must consider when "presented with a motion to seal or unseal." *Id.; see also United States v. Hubbard*, 650 F.2d 293, 317–322 (D.C. Cir. 1980). Specifically, the court should weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

3

*Metlife*, 865 F.3d at 665 (quoting *Nat. Children's Ctr.*, 98 F.3d at 1409). Here, the *Hubbard* factors weigh in favor of disclosure.

On the first factor, Plaintiff argues that the "publicly available information is sufficient to ensure a transparent vetting of the firm's request for fees as the prevailing party in this case" and that "further disclosure of King & Spalding's billing rates, staffing strategies, and detailed billing entries would harm the firm without providing any discernable benefit to the public." Pl.'s Mem. in Opp'n to Defs.' Mot., ECF No. 76 [hereinafter Pl.'s Opp'n], at 3–4. But what Plaintiff fails to appreciate is that the public interest in disclosure is arguably at its zenith when the fee demand is made against the public fisc. *See Brock v. Pierce Cty.*, 476 U.S. 253, 262 (1986) (observing that the "protection of the public fisc is a matter that is of interest to every citizen"); *DRC, Inc. v. Republic of Honduras*, Civ. Action No. 10-0003 (PLF) (AK), 2011 WL 13257869, at *4 (D.D.C. Aug. 22, 2011) (stating that "the need for public access is strengthened when the records pertain to financial arrangements involving the public fisc"). Indeed, there is something untoward about Plaintiff asking to conceal their hourly rates and the work done from public view, while demanding hundreds of thousands of dollars from the public treasury as compensation. The first factor weighs heavily in favor of not sealing the records.

Second, "[p]revious access . . . may weigh in favor of subsequent access." *Hubbard*, 650 F.2d at 318. Here, as Defendants point out, King & Spalding attorney billing rates have been disclosed in other court cases. Mot. for Reconsideration at 4 & n.4 (citing *In re: Astroturf, LLC*, Case No. 16-41504, ECF No. 467 (N.D. Ga. Bankr.)); *see also* Reply in Supp. of Mot. for Reconsideration, ECF No. 77 [hereinafter Defs.' Reply], at 4 (citing *In re Jack Cooper Ventures, Inc.*, Case No. 19-62393, ECF No. 430 (N.D. Ga. Bankr.) (fee application by King & Spalding attaching almost 200 pages of billing records and identifying the rates of approximately 40

4

attorneys); *In re GMG Capital Partners III, LP*, Case No. 13-12937, ECF No. 315 (S.D.N.Y. Bankr.) (fee application by King & Spalding disclosing rates and detailed billing statements)). Plaintiff argues that the cases in which it filed billing rates previously are distinguishable because those were bankruptcy cases, and under the applicable bankruptcy statute, Plaintiff was required to disclose such information. Pl.'s Opp'n at 7. To be sure, the circumstances of previous disclosures may be different than the present case, and so too are the billing rates and work at issue. But the fact of multiple prior public disclosures of Plaintiff's billing rates diminishes the claimed need for confidentiality in this case. The court is also mindful that attorney billing records are routinely filed on the public record in this District, including in FOIA cases. *See* Defs.' Reply at 2–3 (collecting cases). The second factor thus weighs in favor of disclosure.

Third, the fact that Plaintiff is both the party requesting attorneys' fees and the party objecting to the disclosure cuts against its demand for secrecy. *Cf. Hubbard*, 650 F.2d at 319 (finding that the identity of the objecting party weighed in favor of retaining documents under seal where the objecting party was a third party who "was not made a defendant in the proceedings").

As to the fourth factor, Plaintiff's claimed competitive interest in maintaining the confidentiality of its billing rates lacks evidentiary support. "To carry [its] burden under *Hubbard*, [a party] must specifically identify the commercially sensitive information . . . and explain why its disclosure would harm [its] competitive standing." *In re McCormick & Company, Inc., Pepper Prods. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 465 (D.D.C. 2018) (applying the *Hubbard* factors to determine whether class certification pleadings should be unsealed). In this case, Plaintiff offers no more than the conclusory assertion that "the public distribution of [Plaintiff's] billing rates and other details will harm the firm's standing with respect to its competitors," because other firms could "use" that information. Mot. to File Under Seal at 2. Such

5

a contention, without more, at best raises a weak inference of competitive harm, which cannot overcome the strong public interest in disclosure. Plaintiff fails to carry its burden on the fourth factor.

On the fifth factor, the only prejudice that Plaintiff identifies from disclosure is the potential for competitive harm, which the court found lacked support. This factor therefore favors denying the sealing request.

Finally, the records that Plaintiff asks to keep under seal go the very heart of what is before the court: questions concerning the reasonableness of Plaintiff's counsel's hourly rates and the reasonableness of the time they expended on this matter. *See* 5 U.S.C. § 522(a)(4)(E)(i). This factor thus weighs in favor of disclosing the two exhibits.

Accordingly, having weighed all six factors, the court finds that Plaintiff has not overcome the "strong presumption" in favor of public access to judicial records.

V.

Both parties identified out-of-district cases to support their positions, but of course those cases are not binding on this court. Plaintiff, for example, cites cases in which the parties were permitted to seal portions of their attorneys' fees motions. *See* Pl.'s Opp'n at 5 (citing *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Mine O'Mine, Inc. v. Calmese*, No. 2:10-CV-00043-KJD-PAL, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012); *In re Maxwell Tech., Inc., Derivative Litig.*, No. 13CV966 BEN (RBB), 2015 WL 12791166, at *7 (S.D. Cal. July 13, 2015). Defendants point to district courts that reached the opposite conclusion. Mot. for Reconsideration at 1 (citing *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 130633, at *26–27 (S.D. Ga. Aug. 5, 2019) (finding "that a purported concern over the public filing of counsel's hourly rates is not a

sound legal basis to seal")); *see also* Defs.' Reply at 3 (citing *Procaps S.A. v. Patheon, Inc.*, No. 12-24356-CIV-GOODMAN, 2013 U.S. Dist. LEXIS 156994, at *12–13 (S.D. Fla. Nov. 1, 2013) (observing that "[a]ttorney's [sic] hourly rates are routinely publically [sic] disclosed and discussed in judicial opinions at all levels") (emphasis omitted) (collecting cases)). These decisions have little persuasive value, as this court is bound to balance the *Hubbard* factors articulated by the D.C. Circuit. Having done so, the court finds that the documents in question should not be sealed.

VI.

For the foregoing reasons, Defendants' Motion for Reconsideration, ECF No. 74, is granted and the court's February 10, 2020 Minute Order is hereby vacated. Unless Plaintiff notifies the court by April 9, 2020, that it intends to withdraw its fees request, the clerk of the court shall make available on the public docket Exhibits A and B in support of Plaintiff's Motion for Attorneys' Fees.

Plaintiff's Motion for Leave to File a Surreply in Opposition to Defendants' Motion for Reconsideration, ECF No. 78, is granted.

Dated: April 7, 2020

Amit P. Mehta
United States District Judge