UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KING & SPALDING, LLP ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civ. A. No. 16-1616 (APM) |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES, et al. ) | |
| ) | |
| Defendants. ) | |

## RESPONSE TO MOTION TO WITHDRAW

Plaintiff has withdrawn its motion for attorneys' fees but also requests that the Court issue an order directing both the Clerk of Court and Defendants to destroy copies of the exhibits that had been filed under seal in support of that motion. The Court has directed the Defendants to advise by April 16, 2020, "whether they oppose Plaintiff's request for an order that 'the Clerk of the Court and Defendants destroy all copies of the sealed exhibits in their possession.'"

In its order dated April 7, 2020, this Court held that the exhibits filed under seal would be made available on the public docket "[u]nless Plaintiff notifies the court by April 9, 2020, that it intends to withdraw its fees request." Plaintiff withdrew its fee request on April 8, 2020, and, therefore, the status quo is that the exhibits remain under seal on the Court docket. With the fee motion now withdrawn, Defendants do not oppose the exhibits remaining under seal on the Court docket.[1] However, Defendants are aware of no authority, and Plaintiff cites none, that would

---

[1] In light of the withdrawal of the fee motion, Defendants understand that their deadline to file a response to that motion has been vacated. Defendants further understand the withdrawal of the fee motion to be with prejudice. In the event Plaintiff were to contend otherwise, then the exhibits currently under seal should be filed on the public docket pursuant to the Court's August 7, 2020, order. *See Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 152 (D.C. Cir. 1997)

require the Court to destroy documents that have been filed on the Court docket. Thus, in the absence of such authority, Defendants would oppose that aspect of Plaintiff's motion.

Defendants are likewise aware of no authority, and Plaintiff cites none, that would require the government to destroy copies of non-privileged documents[2] that, upon service on the government, became part of a government system of records. Specifically, the sealed exhibits were served on undersigned counsel and are part of the case file maintained by counsel for this civil litigation.[3] *See, e.g.,* 53 C.F.R. § 1864; *see also* 44 U.S.C. § 3301(a)(1). As part of a federal system of records, they are subject to the Federal Records Act, which would permit destruction of the records at the earliest within 10 years. See 53 C.F.R. § 1864; 44 U.S.C. § 3302.

The United States Attorney's Office will maintain the exhibits in its case file consistent with their status on the Court docket, which currently is as sealed documents. While those documents remain sealed on the Court docket, moreover, the United States Attorney's Office also will treat them as documents in which confidential treatment has been requested by King & Spalding pursuant to Exemption 4 of the Freedom of Information Act ("FOIA"). That means that the exhibits would be evaluated subject to the provisions of 28 C.F.R. § 16.7 in response to any FOIA request. The exhibits also would remain subject to disclosure as otherwise may be required

---

(fee request should be dismissed in its entirety when the requester fails to provide complete billing statements).

[2] King & Spalding has not claimed, nor could it claim, that the previously served exhibits are privileged. Accordingly, King & Spalding has not, and cannot, invoke Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, so as to trigger any obligation to destroy the records under that rule.

[3] The exhibits were served on undersigned counsel in hard copy by mail and UPS. Undersigned counsel has no record of providing copies of the sealed exhibits to the Defendant agencies, nor of scanning the exhibits onto the office's network or a computer hard drive.

by law.  Accordingly, for reasons stated above, Defendants oppose Plaintiff's request for an order directing the government to destroy the copies of the sealed exhibits within its possession.

                              Respectfully submitted,

                              TIMOTHY J. SHEA, D.C. Bar #437437
                              United States Attorney

                              DANIEL F. VAN HORN, D.C. Bar #924092
                              Chief, Civil Division

                              By:  /s/
                              JEREMY S. SIMON
                              D.C. Bar # 447956
                              Assistant United States Attorney
                              555 4th Street, N.W.
                              Washington, D.C. 20530
                              Tel: (202) 252-2528
                              Jeremy.Simon@usdoj.gov