**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
)
**KING & SPALDING LLP**                                )
                                                       )
            **Plaintiff,**                             )
                                                       )
      **v.**                                           )
                                                       )        **Case No. 16-cv-01616 (APM)**
**UNITED STATES DEPARTMENT OF**                        )
**HEALTH AND HUMAN SERVICES, et al.**                  )
                                                       )
            **Defendants.**                            )
_____)

<u>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW PLAINTIFF'S**</u>
<u>**MOTION FOR ATTORNEYS' FEES AND SEALED EXHIBITS A & B**</u>

In response to King & Spalding's motion to withdraw its motion for attorney's fees and

sealed exhibits in reliance of the Court's order at ECF 80 and its request that the Court order the

destruction of King & Spalding's sealed exhibits A & B, the government states it opposes

destruction of the sealed exhibits, that it is unaware of any authority supporting such a destruction

order, and that it does "not oppose the exhibits remaining under seal on the Court docket."

ECF 83 at 1.   As there is clear authority and precedent for this Court to order the destruction of,

or in the alternative return of, the sealed exhibits under these circumstances, this Court should

grant King & Spalding's request.

## I.      The Court Has Authority to Order the Destruction or Return of the Exhibits.

Federal district courts recognize their authority to order the return or destruction of

confidential documents.   *See, e.g., Hersh & Hersh v. HHS*, No. C 06-4234 PJH, 2008 WL

901539, at *9 (N.D. Cal. Mar. 31, 2008) (ordering the return of two FOIA productions); *Kielty v.*

*FEMA*, No. 14-CV-3269 (D.N.J. Dec. 8, 2014) (ECF 8) (order directing the plaintiff to *destroy* or

return all copies of information that was inadvertently produced enjoining use of the information

1

for any purpose).    Indeed, courts routinely order sealed records be returned or destroyed at the

end of litigation.    *See, e.g., In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2018 WL

6795835, at *2 (E.D. Va. Nov. 1, 2018); *Survivor v. Our Kids of Miami-Dade Monroe, Inc.*,

No. 11-CIV-24611-SEITZ, 2016 WL 950952, at *12 (S.D. Fla. Mar. 7, 2016).    In granting a

request *by the government* for return of documents accidentally released in a FOIA response, the

Southern District of New York properly recognized that "[f]ederal courts have inherent equitable

powers of courts of law over their own process."    *ACLU v. Dep't of Def.*, No. 09 Civ. 08071,

2012 WL 13075284, at *4–5 (S.D.N.Y. Mar. 20, 2012) (internal quotation marks omitted).

Accordingly, this Court clearly has inherent authority to order the destruction or return of the

sealed exhibits in light of the withdrawal of the motion for attorney's fees.

Nor has the government cited any regulation or statute that prohibits this Court from

ordering the exhibits destroyed or returned.    The government's citations do not purport to limit

this Court's authority but instead explain why the agencies will not voluntarily destroy documents.

The Federal Register notice cited by the government is merely a Department of Justice "system of

records."    53 Fed. Reg. 1,864, 1,864 (Jan. 22, 1988); ECF 83 at 2.[1]    The notice stands for the

proposition that if the government is not ordered to return or destroy the documents, the

government will keep them for 10 years.    *See id.*    Likewise, the statute cited by the government

says nothing about this Court's power.    The statute, 44 U.S.C. §§ 3301–02, merely relates to how

the archivist will preserve records if they are in the government's possession.    But this is just

question begging.    If the Court orders the documents destroyed or returned, then they are not in

the defendants' possession.

---

[1]  The government cites to 53 C.F.R. § 1864, but that citation does not appear to exist as the CFR ends at volume 50. *See* e-CFR (Apr. 15, 2020), https://www.ecfr.gov/cgi-bin/ECFR?page=browse. King & Spalding assumes that the government meant to cite 53 Fed. Reg. at 1,864.

Defendants, therefore, provided no authority that prohibits this Court from ordering the sealed exhibits destroyed or returned.    In addition, as the government notes, there are only paper copies of the exhibits in its possession, ECF 83 at 2 n.3, so destruction or return[2] of the documents will not be burdensome or require scouring of electronic databases.

## II.    In Other Litigation, the Government Endorsed the Inherent Authority of Courts to Order Return or Destruction of Documents When Government Documents Are at Stake.

Tellingly, when the government's confidential information has been at stake, it has asked courts to order parties to return or destroy documents in FOIA cases.    *See, e.g.*, *Hersh & Hersh*, 2008 WL 901539, at *9; *ACLU,* 2012 WL 13075284, at *4–5; *Kielty*, No. 14-CV-3269 (ECF 8). The government also has taken the position in federal court in other cases that "'[i]t has long been recognized that federal courts possess certain implied or inherent powers,'" and that "courts have exercised their inherent authority to order parties (and non-parties) to return documents."    DOD's Mem. of Law in Supp. of Its Mot. for Partial Summ. J. (ECF 56) at 13, 15, *ACLU v. Dep't of Def.*, 2011 WL 3102276 (No. 09 Civ. 08071) (quoting *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007)).    The government further has argued in other cases that "misconduct on the part of the receiving party is not a necessary predicate for the exercise of a court's inherent authority to order a document's return, *particularly when dealing with* sensitive government documents or *documents to which a person obtained access only through the operation of a court order*."    *Id.* at 15 (emphasis added).    There is no law or reason that the rule should be different for a private party's confidential records than for the government when it comes to the Court's authority to order the destruction or return of confidential documents that are not required for the Court to

---

[2]  King and Spalding did not previously suggest the return of the sealed exhibits as a remedy but does so now because the government represents it only has paper copies of the exhibits.    Return of the exhibits would, therefore, be feasible.

exercise its duties.   It is only through this Court's sealing authority that King & Spalding was willing to share its billing records with the government in this case, and King & Spalding requested the opportunity to redact any version made public.   *See* ECF 76 at 8 n.3.   Accordingly, now that the fees issue—which compelled the submission of the records—is no longer to be decided and the case concluded, the exhibits can and should be ordered destroyed or returned.

### III.    There Is No Cognizable Public Right of Access to Sealed Records Where There Is Nothing Left to Be Decided.

No public right of access prohibits an order for the sealed exhibits A & B to be destroyed or returned.   Absent King & Spalding's motion for attorney's fees and the filing of the records with a request that they be kept under seal, there was no reason for these records to be filed or docketed in the case.   Once King & Spalding withdrew its motion for attorney's fees without briefing have been even been completed, any need for the records to be in the public domain evaporated.   In *Littlejohn v. BIC Corp.*, 851 F.2d 673, 675 (3d Cir. 1988), a news organization sought to obtain trial exhibits after the case had concluded.   The court held that once a case was over and no appeal was pending, trial "exhibits were no longer a part of the judicial record subject to presumptive public access."   *Id.* at 682; *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (stating that "[t]he application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the broad power of the district court to fashion protective orders." (internal quotation marks omitted)).

The principle recognized in *Littlejohn* applies here.   The government informed King and Spalding on April 16, 2020, that the government received a FOIA request for the billing records. This underscores the need for the Court to protect King & Spalding's confidential records.   Just like in *Littlejohn*, the sealed exhibits here are not subject to a presumption of public access as the case has concluded.   If anything, the records here are even less an issue of public concern than in

*Littlejohn* because here the attorney's fees motion and exhibits were withdrawn—in reliance on the Court's order at ECF 80—before full briefing on the issue and before any decision was made by the court regarding an award or denial of fees.   In contrast, in *Littlejohn* the exhibits at issue had not been withdrawn and had actually been admitted at trial.   In short, this Court would be acting well within its authority in ordering Exhibits A & B destroyed or returned.

*   *   *   *

King & Spalding, therefore, requests that this Court exercise its clear authority to order the destruction or return by the Court and defendants of sealed Exhibit A & B.   At a minimum and notwithstanding its authority to do so, if this Court is unwilling to grant King & Spalding's request for the order of destruction or the return of the sealed documents, the Court should order a permanent seal on the withdrawn exhibits with the associated prohibition of disclosing the exhibits to anyone other than King & Spalding and counsel for the government in this case.   In its response to King & Spalding's Motion to Withdraw, the government stated that "Defendants do not oppose the exhibits remaining under seal on the Court docket."   ECF 83 at 1.

Dated: April 17, 2020                                        Respectfully submitted,

                                                                    */s/ John C. Richter*
                                                                    John C. Richter, D.C. Bar No. 1014001
                                                                    KING & SPALDING LLP
                                                                    1700 Pennsylvania Ave., NW
                                                                    Suite 200
                                                                    Washington, DC 20006
                                                                    Telephone: (202) 626-5617

                                                                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

/s/ John C. Richter
John C. Richter, D.C. Bar No. 1014001
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006
Telephone: (202) 626-5617

*Counsel for Plaintiff*