**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KING & SPALDING LLP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil No. 1:16-cv-01616 (APM)** |
| ) | |
| **UNITED STATES DEPARMENT OF** ) | |
| **HEALTH AND HUMAN SERVICES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

In a Memorandum Opinion and Order dated April 7, 2020, the court held that Plaintiff

King & Spalding LLP could not maintain under seal two exhibits—Exhibits A and B—supporting

its publicly filed motion for attorney's fees.  *See* Mem. Op. and Order, ECF No. 80.  The two

exhibits contained information concerning Plaintiff's billing rates and the work it had done in this

case to justify the fees request.  *See id.* at 2.  The day after the court's decision, April 8, 2020,

Plaintiff moved to withdraw it motion for attorney's fees, including the sealed exhibits.  *See* Pl.'s

Mot. to Withdraw Pl.'s Mot. for Attorneys' Fees and Sealed Exs. A & B, ECF No. 82 [hereinafter

Pl.'s Mot.].  Plaintiff also made an additional request: It asked the court "to order that the sealed

exhibits shall not be filed on the public docket and . . . that the Clerk of the Court and Defendants

*destroy* all copies of the sealed exhibits in their possession."  *Id.* at 1 (emphasis added).  The court

invited Defendants to comment on Plaintiff's destruction request, *see* Minute Order, April 9, 2020,

and Defendants opposed it, asserting they were "aware of no authority . . . that would require the

Court to destroy documents that have been filed on the Court docket" or "that would require the

government to destroy copies of non-privileged documents that, upon service on the government, became part of a government system of records." Defs.' Resp. to Mot. to Withdraw, ECF No. 83 [hereinafter Defs.' Resp.], at 1–2.

The court agrees with Defendants that Plaintiff has offered no authority or compelling reason that would justify an order to destroy court records. Plaintiff, in effect, asks the court to turn back the clock and treat the sealed material as if Plaintiff had never intentionally placed it on the court's docket. That the court cannot do. Plaintiff's decision to withdraw its fees petition does not entitle it to erase associated filings from the public record.

The court also declines to order Defendants to destroy or return their service copy of the sealed exhibits. Citing a district court decision from the Southern District of New York, Plaintiff asserts that "[f]ederal courts have inherent equitable powers of courts of law over their own process." Pl.'s Reply in Supp. of Pl.'s Mot., ECF No. 84, at 2 (quoting *ACLU v. Dep't of Def.*, No. 09 Civ. 08071 (BSJ)(FM), 2012 WL 13075284, at (S.D.N.Y. Mar. 20, 2012)). But Plaintiff misleadingly truncates the quoted decision. The full quotation from *ACLU* is as follows: "Federal courts have 'inherent equitable powers of courts of law over their own process, *to prevent abuses, oppression, and injustices*.'" *ACLU*, 2012 WL 13075284, at *4–5 (emphasis added) (quoting *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 568 (S.D.N.Y. 2008)). Plaintiff, in this case, does not assert that Defendants must destroy or return their service copy to prevent abuse, oppression, or injustice. Indeed, it seems that Plaintiff's demand for relief is premised on little more than its mistrust of Defendant's continued retention of the records. But that is not a sufficient reason. Plaintiff served the exhibits on Defendants intentionally and without qualification.[1] Plaintiff offers no valid ground on which to undo such service.

---

[1] In its reply brief, Plaintiff cites to a number of cases that are inapposite. *See* Def.'s Reply at 1–2. Some of those cases involved inadvertent production. *Cf. Kielty v. FEMA*, No. 3:14-CV-03269-PGS-LHG, ECF No. 8 (D.N.J. Dec.

Finally, although the court previously ruled that Plaintiff could not maintain Exhibits A and B under seal, Plaintiff's decision to withdraw its fee motion changes that calculus. The factors the court must consider now weigh in favor of keeping Exhibits A and B under seal. *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). The need for public access to the exhibits is now minimal, as the court will not be asked to rule on Plaintiff's fee demand; these specific exhibits were not previously made public; Defendant does not object to the exhibits remaining under seal in light of Plaintiff withdrawing its fee demand, Defs.' Resp. at 1; Plaintiff claims a commercial interest in the records, *see* Pl.'s Mem. in Opp'n to Defs.' Mot. for Reconsideration, ECF No. 76, at 2; and the reason for introducing the documents in the first place is no longer before the court. Although the court continues to believe that the likelihood of competitive harm is low if the exhibits were made public, that factor does not override the absence of any genuine public interest in their unsealing.

Accordingly, for the foregoing reasons, Plaintiff's Motion to Withdraw Plaintiff's Motion for Attorneys' Fees and Sealed Exhibits A & B, ECF No. 82, is granted in part and denied in part. Plaintiff may withdraw its motion for attorney's fees. The court will not destroy Exhibits A and

---

8, 2014) (ordering destruction or return of inadvertently produced records); *ACLU*, 2012 WL 13075284, at *1, *5 (ordering return of inadvertently produced Freedom of Information Act material implicating national security); *Hersh & Hersh v. HHS*, No. C 06-4234 PJH, 2008 WL 901539, at *9 (N.D. Cal. Mar. 31, 2008) (ordering the return of inadvertently produced records under the Freedom of Information Act). Others involve records in very different circumstances. *See In re Zetia (Ezetimibe) Antitrust Litig.*, MDL No. 2:18-md-2836, 2018 WL 6795835, at *2 (E.D. Va. Nov. 1, 2018) (ordering destruction or return of confidential information exchanged as part of settlement); *Survivor v. Our Kids of Miami-Dade/Monroe, Inc.*, No. 11-CIV-24611-SEITZ, 2016 WL 950952, at *12 (S.D. Fla. Mar. 7, 2016) (ordering destruction or return of a report as a sanction for contempt finding to protect privacy interests of minor abuse victims). None of the cases cited by Plaintiff involved an order to destroy or return a record simply because a party had elected to withdraw a motion.

B but shall maintain those exhibits under seal.  Plaintiff's request that Defendants either destroy or return the exhibits is denied.

Dated:  April 21, 2020

Amit P. Mehta
United States District Judge